61 F.3d 919
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ALOPEX INDUSTRIES, INC., Plaintiff-Appellee,
v.
Louis K. SEIBEL, Defendant-Appellant.
 No. 95-1012.
 United States Court of Appeals, Federal Circuit.
 July 18, 1995.
 
 Before MAYER, MICHEL and RADER, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Louis K. Seibel appeals the August 25, 1994 decision of the United States District Court for the Northern District of California adopting the Magistrate Judge's proposed findings and holding him in contempt of court for willfully violating its April 7, 1988 consent decree, joined in by him, by infringing, via companies he controlled, U.S. Patent No. 4,618,420 and U.S. Patent Des. 288,373, owned by Alopex. Because the district court's factual findings were not clearly erroneous, it committed no error of law and it did not abuse its discretion by holding Seibel in contempt and imposing treble damages, attorney fees and expenses, we affirm.
 
 DISCUSSION
 
 2
 In 1987 Alopex Industries, Inc. filed suit against Seibel for infringement of a utility patent and a design patent pertaining to a filter bag for pool cleaners. Pursuant to the terms of the parties' settlement agreement, the district court issued a consent decree and injunction on April 7, 1988. Under the consent decree Seibel and his company, Seibel Filtration, Inc., were held to have infringed both patents. In addition, the consent decree enjoined any further infringement by "defendants, their officers, agents, servants, employees, attorneys and all others in active consert [sic] and/or participation with them, or either of them, and each of them...."
 
 
 3
 In 1993 Alopex came to believe that companies associated with and controlled by Seibel, Swim Pool Products, Swim Pool Products Industrial Division and Swim Pool Products of CCC, were making and selling filter bags which infringed Alopex's patents, thereby placing Seibel in contempt of court for violating the consent decree. In response, Alopex moved to reopen proceedings and allow discovery for evaluation of contempt. The district court granted that motion on July 2, 1993 and Alopex deposed both Seibel and his son, Kevin Seibel.
 
 
 4
 After a status conference on September 10, 1993, the district court referred the matter to a Magistrate Judge, charging her to make proposed findings of fact on: 1) the relationship of Louis Seibel, Swim Pool Products, Swim Pool Products of CCC and Swim Pool Products Industrial Division; 2) the nature of each companies' business; 3) whether Seibel's activities violated the consent decree; and, if so, 4) whether Alopex was entitled to damages. The Magistrate Judge conducted an evidentiary hearing in accordance with the order on April 19, 1994.
 
 
 5
 Although Swim Pool Products and Swim Pool Products Industrial Division are sole proprietorships of Seibel's son, Kevin Seibel, and Swim Pool Products of CCC is a sole proprietorship of Seibel's wife, Mary Alice Seibel, the Magistrate Judge found that Seibel does, in fact, control all three companies. The Magistrate Judge further found that all three companies are involved in some aspect of the production or sale of filter bags which, under the consent decree, infringe Alopex's patents and, therefore, Seibel's activities violated the consent decree.
 
 
 6
 Based on this violation, the Magistrate Judge concluded that Alopex was entitled to damages, attorney fees, and costs. The Magistrate Judge initially calculated damages of $5,750 based on a 5% royalty on $115,000 in proven sales, a figure admitted by Kevin Seibel, but trebled those damages as a consequence of her finding that Seibel's infringement was willful, resulting in a damage award of $17,250. Because the Magistrate Judge found that Seibel was in contempt of court for willfully disobeying the consent decree, she also awarded Alopex its attorney fees and expenses of $39,558.87 incurred in bringing the contempt action.
 
 
 7
 Although Seibel requested reconsideration by the Magistrate Judge, which was denied, he failed to file a timely objection to the Magistrate Judge's proposed findings of fact with the district court. By order dated August 25, 1994, the district court fully adopted the Magistrate Judge's proposed findings and calculation of damages, fees and expenses. Seibel appeals.
 
 
 8
 An injunction enjoining a party from infringing a patent is an order of the court that can subject a violator to sanctions for contempt, at the court's discretion. See 18 U.S.C. Sec. 401 (1988). In determining whether a district court abused its discretion we examine whether the district court's decision was based on an erroneous conclusion of law or clearly erroneous factual findings, or whether the district court committed a clear error of judgment. Western Elec. Co. v. Piezo Technology, Inc., 860 F.2d 428, 430-31, 8 USPQ2d 1853, 1855 (Fed.Cir.1988).
 
 A. The Finding of Contempt
 
 9
 Seibel argues that because he personally was not selling any filter bags, he was not violating the consent decree. However, the district court found that Seibel in fact controls his wife's and son's companies. This finding is not clearly erroneous. At his deposition Seibel testified that he held power of attorney for Swim Pool Products and Swim Pool Products of CCC. Kevin Seibel testified that his father held an unlimited power of attorney for Swim Pool Products and its Industrial Division since both companies' inception. Seibel does not contest that filter bags manufactured and sold by Swim Pool Products and marketed by Swim Pool Products of CCC were identical to those bags previously sold by Seibel Filtration, Inc. which were the object of his earlier settlement agreement with Alopex.
 
 
 10
 In light of these facts, the district court's contempt finding was not an abuse of discretion. Kevin and Mary Alice Seibel make and sell filter bags "in active consert [sic] and/or participation with" Seibel and he thereby violates explicit language in the consent decree by infringing Alopex's patent. Seibel cannot skirt the consent decree by having family members, through companies they own, make and sell the infringing bags. See United States v. Schine, 260 F.2d 552, 555-56 (9th Cir.1959) (defendant's formation of "independent corporations" to make transactions prohibited by court order in anti-trust case supports finding of contempt).
 
 B. The Damages Calculation
 
 11
 Seibel challenges the district court's award of damages as unreasonable. However, the court drew the $115,000 sales figure for bags sold by Swim Pool Products from the deposition testimony of Kevin Seibel and Seibel provided no evidence to counter this figure. Therefore, the sales figure is not clearly erroneous. Moreover, the 5% royalty rate used by the district court, which is significantly less than the 8 1/3% royalty term of the settlement agreement, is not unreasonable. Because Seibel was aware of Swim Pool Products' and the other two companies' activities producing and marketing the infringing bags, the district court did not clearly err by finding the infringement to be willful. Under these facts, the district court did not abuse its discretion by trebling the damages. See Smithkline Diagnostics, Inc. v. Helena Labs. Corp., 926 F.2d 1161, 1165, 17 USPQ2d 1922, 1925 (Fed.Cir.1991) ("Enhancement of damages and attorney fees awards are expressly committed to the court's discretion.").
 
 C. Seibel's Request for a Continuance
 
 12
 Seibel argues that the Magistrate Judge erred by not granting his request for a continuance so that Kevin Seibel could testify live, rather than having his deposition testimony submitted into evidence. Federal Rule of Civil Procedure 32 provides that at a trial or hearing, "[t]he deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds ... that the witness is unable to attend or testify because of ... imprisonment...." The Magistrate Judge confirmed that Kevin Seibel was incarcerated in the Contra Costa County jail on the day of the hearing, with bail set at $160,000. Seibel gave no indication if or when his son would be able to make bail. Because it was not possible to determine whether or when Kevin Seibel would be available to testify, the Magistrate Judge did not abuse her discretion by concluding that Fed.R.Civ.P. 32 applied and admitting Kevin Seibel's deposition in lieu of his live testimony rather than granting an indefinite continuance.
 
 D. Alopex's Request for Attorney Fees
 
 13
 The settlement agreement provided that "[i]n the event of further litigation based upon breach of this Settlement Agreement or violation of the CONSENT DECREE AND INJUNCTION, the losing party shall pay the actual attorney fees expended by the prevailing party." Because Alopex is the prevailing party in this appeal brought by Seibel in connection with Seibel's violation of the consent decree, in accordance with the settlement agreement we order that Seibel pay Alopex's actual attorney fees expended in connection with this appeal.
 
 
 14
 Alopex must submit a declaration substantiating such fees within fourteen days of the issuance of this opinion. Seibel must submit any opposition to that declaration no later than fourteen days from the date of service of Alopex's declaration.
 
 
 15
 We have considered Seibel's remaining arguments and find them to be without merit and not to warrant discussion. Accordingly, we affirm the judgment of the district court.